19 F.3d 31
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ely Dany MIZRAHY, Defendant-Appellant.
 No. 93-50674.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 11, 1994.
 
 Before: FLETCHER, BRUNETTI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ely Dany Mizrahy appeals the nine-month sentence imposed upon revocation of his supervised release. Mizrahy was originally convicted of conspiracy to make and transfer false Immigration and Naturalization Service documents, in violation of 18 U.S.C. Secs. 371, 1028(a), 1546(a), and four counts of bribery of a public official, in violation of 18 U.S.C. Sec. 101(b)(1)(C). Mizrahy contends the district court violated his right to confront witnesses when it limited the scope of his cross-examination of a witness. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review for an abuse of discretion the district court's limitation on the scope of cross-examination. United States v. Whitworth, 856 F.2d 1268, 1283 (9th Cir.1988), cert. denied, 489 U.S. 1084 (1989).
 
 
 4
 The right to confront and cross-examine witnesses applies in the context of supervised release revocation proceedings. United States v. Martin, 984 F.2d 308, 310 (9th Cir.1990). The releasee's rights at a revocation hearing, however, "do not rise to the level of similar rights at a criminal trial." Id. at 311.
 
 
 5
 Even under the full panoply of confrontation rights provided by the Sixth Amendment, however, Mizrahy's rights were not violated here. The right to confront witnesses is limited to relevant issues and the trial court does not abuse its discretion by limiting cross-examination so long as sufficient information to appraise the biases and motivations of the witness is developed. United States v. Feldman, 788 F.2d 544, 554 (9th Cir.1986), cert. denied, 479 U.S. 1067 (1987).
 
 
 6
 Here, the district court revoked Mizrahy's supervised release because he was found to be in the United States following deportation and in violation of the terms of his supervised release, which required him to report to the nearest United States Probation Office within 72 hours of his reentry into the United States. Mizrahy's probation officer happened to spot him twice within a two-week span outside a residence in Reseda, California. Following an in camera hearing wherein the district court considered a sealed submission presented by the government and heard argument from both counsel, cross-examination of the probation officer was limited to exclude the information revealed in the sealed government submission.
 
 
 7
 Nonetheless, Mizrahy was permitted to adduce sufficient information regarding the probation officer's motivations and biases without delving into the sealed information. Accordingly, we hold that no violation of Mizrahy's confrontation rights occurred here. See Feldman, 788 F.2d at 554.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3